IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.
                                               Case No. 22-40057-EFM

MICHAEL TERAHN YATES,

    *Defendant.*

**MEMORANDUM AND ORDER**

This matter comes before the Court on pro se Defendant Michael Terahn Yates's Motion for Sentence Reduction and Compassionate Release (Doc. 38). He seeks early release from prison for health care reasons, family circumstances, and prison conditions. The Government opposes Defendant's motion. For the reasons stated below, the Court dismisses Defendant's motion.

**I.    Factual and Procedural Background**

On February 27, 2023, Defendant pleaded guilty to possession of ammunition by a prohibited person, in violation of 18 U.S.C. § 922(g)(1). On October 11, 2023, the Court sentenced Defendant to 42 months' imprisonment. Defendant is set to be released from Bureau of Prisons' custody on July 9, 2027.

On December 9, 2024, Defendant filed a Motion for Compassionate Release. He seeks early release from prison claiming that medical circumstances, family circumstances, and

unusually harsh prison conditions warrant his release. The Government opposes Defendant's motion.

## II.   Legal Standard

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), allows a defendant to seek early release from prison provided certain conditions are met. First, a motion for compassionate release may only be filed if: (1) "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf;" or (2) 30 days have lapsed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[1] Exhaustion is a mandatory claim-processing rule in the Tenth Circuit.[2]

If a defendant satisfies the exhaustion requirement, district courts use a three-part test when deciding a defendant's motion.[3] This test requires the Court to consider whether (1) "extraordinary and compelling reasons" warrant the sentence reduction, (2) "such reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (3) any reduction is consistent with the applicable sentencing factors set forth in 18 U.S.C. § 3553(a).[4] If the Court denies the motion because the defendant fails to meet one of the prerequisites, it may do so without

---

[1] 18 U.S.C. § 3582(c)(1)(A).

[2] *United States v. Hemmelgarn*, 15 F.4th 1027, 1030-31 (10th Cir. 2021).

[3] *United States v. McGee*, 992 F.3d 1035, 1042-43 (10th Cir. 2021) (quoting *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)); *see also United States v. Maumau*, 993 F.3d 821, 832 (10th Cir. 2021) (discussing and employing the same three-part test).

[4] *McGee*, 992 F.3d at 1042-43 (citations and internal quotation marks omitted).

addressing all three factors.[5] If, however, the Court grants the motion, the Court must address all steps.[6]

### III.    Analysis

Defendant requests early release from prison due to a seizure disorder, to care for his daughter, and due to allegedly unsafe prison conditions. The Government asserts that Defendant does not demonstrate that he exhausted his administrative remedies. In addition, the Government contends that Defendant is not an appropriate candidate for a sentence reduction.

Defendant does not appear to have exhausted his administrative remedies.  He does not state nor demonstrate that he submitted a request for release to the Warden. He also fails to demonstrate that 30 days have passed since he submitted a request to the Warden or that the BOP failed to bring a motion on his behalf. Accordingly, without any evidence of Defendant's exhaustion of administrative remedies, the Court must dismiss Defendant's motion without prejudice.[7]

---

[5] *Id.* at 1043 (citation omitted); *see also United States v. Hald*, 8 F.4th 932, 942-43 (10th Cir. 2021) (explicitly stating that a district court can choose which order to consider the three steps, and "[i]f the most convenient way for the district court to dispose of a motion for compassionate release is to reject it for failure to satisfy one of the steps, we see no benefit in requiring it to make the useless gesture of determining whether one of the other steps is satisfied.").

[6] *McGee*, 992 F.3d at 1043 (citation omitted).

[7] *See United States v. Purify*, 2021 WL 5758294, at *4, n.3 (10th Cir. Dec. 3, 2021) (noting that "[l]ike dismissals for lack of jurisdiction, dismissals for failure to exhaust are ordinarily without prejudice.").

**IT IS THEREFORE ORDERED** that Defendant Michael Terahn Yates's Motion for Sentence Reduction and Compassionate Release (Doc. 38) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

Dated this 8th day of January, 2025.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE